# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No. 2:23-CV-10957 |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| KEVIN R. ADELL, individually; ) | |
| KEVIN R. ADELL as the Personal ) | |
| Representative of the ESTATE OF ) | |
| FRANKLIN Z. ADELL; ) | |
| RALPH G. LAMETI as Trustee of ) | |
| the ORCHARD LAKE PROPERTY ) | |
| TRUST; and ) | |
| OAKLAND COUNTY ) | |
| TREASURER, STATE OF ) | |
| MICHIGAN ) | |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

## COMPLAINT

Plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401, 7402(a), 7403(c), 7404, and the Federal Debt Collection Procedure Act (28 U.S.C. § 3001, *et seq*.) ("FDCPA"), at the direction and request of a delegate of the Attorney General of the United States and with the authorization of a delegate of the Secretary of the Treasury, brings this civil action to collect the unpaid federal estate and gift tax liabilities of

the Estate of Franklin Z. Adell (the "Adell Estate") by: (1) reducing to judgment the unpaid estate and gift tax liabilities against the Adell Estate; (2) establishing that Kevin R. Adell is personally liable for the Adell Estate's unpaid estate and gift taxes under 26 U.S.C. § 6324 and 31 U.S.C. § 3713; and (3) obtaining an order to enforce federal tax liens against and to sell real property located at 459 Martell Drive, Bloomfield Hills, Michigan (the "Subject Property"). For its complaint, the United States alleges as follows:

### JURISDICTION & VENUE

1.      The Court has jurisdiction over this action under 26 U.S.C. §§ 7402, 7403, and 7404 and 28 U.S.C. §§ 1340 and 1345.

2.      Venue is proper under 28 U.S.C. § 1396 because the tax liabilities at issue accrued in this district and the tax returns giving rise to the liabilities were filed in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the United States' claims occurred in this district and the Subject Property is located within this district.

### THE PARTIES

3.      Plaintiff is the United States of America.

4.     Defendant Kevin R. Adell is the son of Franklin Z. Adell (deceased). Kevin Adell distributed and received property from the Adell Estate and transferred property of the Adell Estate before paying estate and gift taxes that the Adell Estate owed to the United States. Kevin Adell is sued in his capacity as the Personal Representative of the Adell Estate, as appointed by Franklin Z. Adell's Last Will and Testament and by the Oakland County Probate Court in the State of Michigan. He is sued individually based on his role as fiduciary to the Adell Estate under 31 U.S.C. § 3713 for actions taken in favor of himself and with disregard to the claims of the United States.

5.     Defendant Ralph G. Lameti is named in this suit in his representative capacity as trustee to the Orchard Lake Property Trust, which holds title to Subject Property against which the United States seeks to enforce its federal tax liens.

6.     The Oakland County Treasurer in the State of Michigan is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens. Public records indicate that Kevin Adell has failed to make required property tax payments to Oakland County for

the Subject Properties. By this suit, the Oakland County Treasurer is on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority and that the property may not be sold under other procedures during this action.

### ADELL ESTATE & FAMILY TRUST

7.     Franklin Z. Adell owned several businesses, including a 100 percent interest in STN.Com, Inc. ("STN.Com"), a cable satellite company responsible for broadcasting a religious programing channel called "The Word Network."

8.     In July 2002, Franklin Adell created the Franklin Z. Adell Trust (the "Adell Trust") and named his three children as the beneficiaries.

9.     During his lifetime, Franklin Adell transferred many of his assets to the Adell Trust, including his 100 percent interest in STN.Com.

10.    Franklin Adell died testate on August 13, 2006, leaving a gross estate valued at $32,930,891.

11.    Kevin Adell was appointed trustee of the Adell Trust and Personal Representative of the Adell Estate. The Adell Estate was probated in Oakland County, Michigan.

### THE SUBJECT PROPERTY

12.    The Subject Property that the United States seeks an order for judicial sale is located at 459 Martell Drive, Bloomfield Hills, Michigan 48304 (Parcel ID 19-22-401-023), and is legally described as:

> Lot 2, ASSESSOR'S PLAT NO. 7, according to
> the recorded plat thereof, as recorded in Liber 83
> of Plats, Page 10 of Oakland County Records.

13.    Franklin Adell established the Orchard Lake Property Trust in June 2005 and was the settlor of the trust when he died in 2006.

14.    The Orchard Lake Property Trust purchased the Subject Property on August 15, 2005 for $3,775,000.

15.    The Orchard Lake Property Trust is owned by the Adell Estate.

16.    Ralph G. Lameti is the trustee of the Orchard Lake Property Trust.

17.    Kevin Adell resides at the Subject Property for at least part of each year.

5

18.    On information and belief, there are no mortgages on the property.

## ADELL ESTATE'S FORM 706, ESTATE TAX RETURN

19.    On November 13, 2007, after receiving an extension of time to file, Kevin Adell executed and filed an estate tax return on behalf of the Adell Estate on IRS Form 706 that reported $15,288,517.00 in tax owed.

20.    On December 17, 2007, a delegate of the Secretary of the Treasury assessed tax against the Adell Estate in the amount of $15,288,517.00 (the amount reported on the Form 706), plus penalties and interest.

21.    The Adell Estate paid nondeferred estate tax of $8,094,557 and elected to defer payment of the remaining $7,193,960 for five years and then pay the deferred estate tax in 10 annual installments under 26 U.S.C. § 6166.

22.    The Adell Estate submitted interest-only payments of $240,087.77 in May 2008 and $170,094.85 in May 2009 as required by 26 U.S.C. § 6166(f) toward the balance owed but has made no further

payments. The Adell Estate defaulted on its deferred estate tax payments on February 7, 2014.

23.    The IRS audited the Adell Estate's Form 706 estate tax return and sent Kevin Adell a Notice of Deficiency reporting that the IRS determined that the Adell Estate owed more estate taxes.

24.    On January 14, 2011, the Adell Estate petitioned the IRS's Notice of Deficiency in the U.S. Tax Court, *Estate of Franklin Z. Adell v. Commissioner*, Dkt. No. 1188-11. Kevin Adell was named as the Estate's Personal Representative.

25.    On April 24, 2018, upon stipulation of the parties, the Tax Court determined that: (1) the Adell Estate owed a total $12,403,288 estate tax liability; (2) the Adell Estate had paid $8,094,524 of the estate tax owed; and (3) the unpaid balance of the estate tax owed was $4,308,704, without interest and penalties.

26.    The Adell Estate has submitted no voluntary payments toward its unpaid estate tax liabilities since May 2009, and an unpaid balance remains.

27.    At the time of Franklin Adell's death, the Adell Estate had sufficient assets to fully pay the estate tax it owed but failed to do so.

7

28.     Kevin Adell dissipated the Adell Estate's assets and knowingly and willfully failed to pay the estate tax liabilities the Adell Estate owed to the United States.

29.     As of April 23, 2023, the unpaid balance of the estate tax assessments against the Adell Estate, including interest and penalties, was $9,775,326.65, plus further interest and statutory additions which may continue to accrue on that amount.

### ADELL ESTATE'S FORM 709, GIFT TAX RETURN

30.     On November 17, 2008, Kevin Adell executed and filed a Gift Tax Return on behalf of the Adell Estate on IRS Form 709 that reported $2,889,108 in gift tax owed.

31.     The Adell Estate's Form 709 reported that Franklin Adell gifted Kevin Adell $6,655,018 to pay a court-ordered legal judgment that was entered against Kevin Adell.

32.     The IRS audited the Adell Estate's Form 709 gift tax return and sent Kevin Adell a Notice of Deficiency reporting that the IRS determined that the Adell Estate owed additional gift tax of $71,562.00.

33.     The Adelle Estate did not appeal the IRS's determination that it owed additional gift tax.

34. On June 13, 2011, a delegate of the Secretary of the Treasury assessed additional gift tax of $71,562.00 against the Adell Estate, plus penalties and interest.

35. The Adell Estate has never submitted any voluntary payments toward its unpaid gift tax liabilities.

36. At the time of Franklin Adell's death, the Adell Estate had sufficient assets to fully pay the gift tax it owed but failed to do so.

37. Kevin Adell dissipated the Adell Estate's assets and knowingly and willfully failed to pay the gift tax liabilities the Adell Estate owed to the United States.

38. As of April 23, 2023, the unpaid balance of the gift tax assessments against the Adell Estate, including interest and penalties, was $8,178,714.47, plus further interest and statutory additions which may continue to accrue on that amount.

## COUNT ONE
**Judgment Against Kevin R. Adell as Personal Representative of the Estate of Franklin Z. Adell for Unpaid Federal Estate Taxes**

39. The United States incorporates by reference all preceding paragraphs as if wholly realleged herein.

40. Kevin Adell executed and filed an estate tax return on behalf of the Adell Estate as its Personal Representative on November 13, 2007.

41. On December 17, 2007, a delegate of the Secretary of the Treasury assessed estate tax against the Adell Estate in the amount of $15,288,517, plus interest and penalties.

42. The Adell Estate litigated its estate tax liability in U.S. Tax Court.

43. By stipulated judgment on April 24, 2018, the Court determined that the Adell Estate owed estate tax of $12,403,228, and that an unpaid balance of $4,308,704 remained, plus interest and penalties.

44. On October 15, 2018, a delegate of the Secretary of the Treasury amended the estate tax assessment against the Adell Estate.

45. Despite proper notice of the assessment and demand for payment, the Adell Estate has not paid the full amount of the estate taxes, penalties, and interest owed to the United States.

46.    Based on the Adell Estate's failure to pay the full amount of the estate tax assessments due, interest and statutory additions to tax have accrued pursuant to statute.

47.    Under 26 U.S.C. § 7402, the United States is entitled to a monetary judgment against Kevin R. Adell, in his capacity as the appointed Personal Representative of the Adell Estate, holding him liable to the United States for the unpaid balance of the Adell Estate's Form 706 estate taxes in the amount of $9,775,326.65, as of April 23, 2023, plus all penalties and pre- and post-judgment interest under 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c).

48.    The United States generally has ten years from the date of an assessment to bring a proceeding in court to collect unpaid tax liabilities. 26 U.S.C. § 6502(a). Although the IRS assessed the estate tax against the Adell Estate more than ten years ago, the Adell Estate's election to defer payment of the estate tax liability under Section 6166 suspended the collection statute of limitations from the assessment date until the Adell Estate defaulted on its deferred estate tax payments. 26 U.S.C. § 6503(d). The collection statute was also extended 132 days

while the Adell Estate's Collection Due Process hearing was pending. 26 U.S.C. § 6330(e)(1); *see also* 26 C.F.R. § 301.6330–1(g)(1).

**COUNT TWO**
**Impose Section 6324(a)(2) Liability Against Kevin R. Adell Individually for Unpaid Federal Estate Taxes Owed By the Estate of Franklin Z. Adell**

49.     The United States incorporates by reference all preceding paragraphs as if fully realleged herein.

50.     The Adell Estate has not fully paid its estate tax liability.

51.     At the time of Franklin Adell's death, the Adell Estate had sufficient assets to fully pay the amount of estate tax reported owed on its Form 706 estate tax return.

52.     Since 2006, Kevin Adell held or received property that was required to be included in the gross estate under 26 U.S.C. §§ 2034 through 2042.

53.     Kevin Adell, as Personal Representative of the Adell Estate, knew or reasonably should have known that the Adell Estate owed federal estate taxes to the United States.

54.     Despite having such notice, Kevin Adell dissipated all assets owned by the Adell Estate, other than the Orchard Lake Property Trust, which holds title to the Subject Property. The distributions of

assets of the Adell Estate, and the administration of all assets of the Estate, rendered the Estate unable to pay its unpaid estate tax liability.

55.    If an estate tax liability is not paid when due, then a transferee, trustee, or "person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate" is personally liable for the estate tax liability to the extent of the value of that property. 26 U.S.C. § 6324(a)(2).

56.    Under 26 U.S.C. § 6324(a)(2), Kevin Adell automatically became liable to the United States for the lesser of (i) the Adell Estate's unpaid estate tax plus applicable penalties and interest; or (ii) the value of the property included in the gross estate plus interest on such amount under 26 U.S.C. § 6601 from the date such property was received until paid.

57.    Kevin Adell's liability under 26 U.S.C. § 6324(a)(2) is equal to the Adell Estate's liability for unpaid estate taxes, penalties, and interest.

58.     The United States is entitled to a judgment that Kevin Adell is personally liable to the United States for the full unpaid balance of estate taxes that the Adell Estate owes to the United States in the amount of $9,775,326.65, as of April 23, 2023, plus all penalties and pre- and post-judgment interest under 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c).

### COUNT THREE
### Impose Liability Against Kevin R. Adell Individually Under 31 U.S.C. § 3713(b) for Unpaid Federal Estate Taxes Owed By the Estate of Franklin Z. Adell

59.     The United States incorporates by reference all preceding paragraphs as if fully realleged herein.

60.     The Adell Estate has not fully paid its estate tax liability.

61.     At the time of Franklin Adell's death, the Adell Estate had sufficient assets to fully pay the amount of estate tax reported owed on its Form 706 estate tax return.

62.     Since 2006, Kevin Adell dissipated the Adell Estate's assets and knowingly and willfully failed to pay the estate tax liabilities that he knew the Adell Estate owed to the United States.

14

63.     Despite having notice of the estate tax liabilities owed, Kevin Adell dissipated all assets owned by the Adell Estate other than the Orchard Lake Property Trust, which holds title to the Subject Property.

64.     Kevin Adell's distributions of assets and the administration of all assets of the Estate rendered the Adell Estate insolvent.

65.     31 U.S.C. § 3713(a) provides that a claim of the United States must be paid first when the estate of a deceased debtor, in the custody of the executor, is not enough to pay all debts of the debtor. Under 31 U.S.C. § 3713(b), an executor who pays any part of the debt of an estate before paying a claim of the United States is personally liable for the United States' unpaid claims to the extent of the payment.

66.     Kevin Adell, in his capacity as Personal Representative of the Adell Estate, distributed estate property before paying the outstanding federal estate tax claim owed to the United States and is personally liable to the extent of the distributions for unpaid estate tax owed by the Adell Estate pursuant to 31 U.S.C. § 3713(b).

67.     The United States is entitled to a judgment that Kevin Adell is personally liable to the United States under 31 U.S.C. § 3713(b) for the value of all assets Kevin Adell transferred from the Adell Estate,

not more than the unpaid balance of estate taxes owed to the United

States the amount of $9,775,326.65, as of April 23, 2023, plus all

penalties and pre- and post-judgment interest under 26 U.S.C. §§ 6601,

6621, 6622, and 28 U.S.C. § 1961(c).

**COUNT FOUR**

**Judgment Against Kevin R. Adell as Personal Representative of
the Estate of Franklin Z. Adell for Unpaid Federal Gift Taxes**

68.    The United States incorporates by reference all preceding

paragraphs as if fully realleged herein.

69.    In November 2008, more than two years after Franklin

Adell's death, Kevin Adell executed and filed a Form 709 federal gift tax

return reporting gift tax liability in the amount of $2,889,108.

70.    On October 11, 2010, a delegate of the Secretary of the

Treasury assessed gift tax against the Adell Estate in the amount of

$2,889,108, plus interest and penalties.

71.    The IRS audited the Adell Estate's Form 709 gift tax return.

72.    Following the deficiency procedures of 26 U.S.C. § 6211 *et

seq.*, a delegate of the Secretary of the Treasury issued a notice of tax

deficiency to Kevin Adell, as Personal Representative of the Adell

Estate, informing him of the additional amount of gift tax due and

providing the Adell Estate with the opportunity to contest the notice of deficiency in U.S. Tax Court.

73.    The Adelle Estate did not challenge in Tax Court the additional tax proposed by the IRS.

74.    On June 13, 2011, the IRS assessed additional gift tax against the Adell Estate in the amount of $71,562.00, plus additional interest and penalties.

75.    Despite proper notice of the assessment and demand for payment, the Adell Estate has not paid the full amount of the gift taxes, penalties, and interest owed to the United States.

76.    Under 26 U.S.C. § 7402, the United States is entitled to a monetary judgment against Kevin R. Adell, in his capacity as the appointed Personal Representative of the Adell Estate, holding him liable to the United States for the unpaid balance of the Adell Estate's Form 709 gift taxes in the amount of $8,178,714.47, as of April 23, 2023, plus all penalties and pre- and post-judgment interest under 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c).

77.    The United States generally has ten years from the date of an assessment to bring a proceeding in court to collect unpaid tax

liabilities. 26 U.S.C. § 6502(a). Although the IRS made the gift tax

assessments against the Adell Estate more than ten years ago, the

collection statute of limitations was suspended for 925 days while the

Adell Estate's Collection Due Process hearing was pending. 26 U.S.C.

§ 6330(e)(1); *see also* 26 C.F.R. § 301.6330–1(g)(1).

COUNT FIVE
### Impose Section 6324(b) Liability Against Kevin R. Adell Individually for Unpaid Federal Gift Taxes Owed By the Estate of Franklin Z. Adell

78.    The Adell Estate has not fully paid its gift tax liability

related to Franklin Adell's gift to Kevin Adell.

79.    The Adell Estate's Form 709 gift tax return reported that

Franklin Adell gifted Kevin Adell $6,655,018 to pay a court-ordered

legal judgment entered against Kevin Adell.

80.    Under 26 U.S.C. § 6324(b), if gift taxes are not paid when

due, the donee of any gift is liable and indebted to the United States for

the lesser of: (a) the unpaid gift tax liability owed by the Adell Estate;

or (b) the value of their share of gift they received from the donor.

81.    A delegate of the Secretary of the Treasury properly notified

Kevin Adell, as Personal Representative of the Adell Estate, of the gift

18

tax assessments the IRS made against it and made demands for payment as provided by law.

82.    Despite having such notice, Kevin Adell dissipated all assets owned by the Adell Estate, other than the Orchard Lake Property Trust, which holds title to the Subject Property. The distributions of assets of the Adell Estate, and the administration of all assets of the Estate, rendered the Estate unable to pay its unpaid estate tax liability.

83.    Despite proper notice and demand for payment, Kevin Adell, as Personal Representative of the Adell Estate, failed to pay the assessed gift taxes, penalties, and interest owed by the Adell Estate.

84.    Kevin Adell is indebted to the United States under 26 U.S.C. § 6324(b) in the amount of $6,655,018 based on the value of the gift that he received from Franklin Adell.

## COUNT SIX
### Impose Liability Against Kevin R. Adell Individually Under 31 U.S.C. § 3713(b) for Unpaid Federal Gift Taxes of the Estate of Franklin Z. Adell

85.    The United States incorporates by reference all preceding paragraphs as if fully realleged herein.

86.    The Adell Estate has not fully paid its gift tax liability related to Franklin Adell's gift to Kevin Adell.

19

87.   At the time of Franklin Adell's death, the Adell Estate had sufficient assets to fully pay the amount of gift tax reported owed on its Form 709 gift tax return.

88.   Since 2006, Kevin Adell dissipated the Adell Estate's assets and knowingly and willfully failed to pay gift tax liabilities that he knew the Adell Estate owed to the United States.

89.   Despite having such notice, Kevin Adell dissipated all assets owned by the Adell Estate other than the Orchard Lake Property Trust, which holds title to the Subject Property.

90.   Kevin Adell's distributions of assets and the administration of all assets of the Estate rendered the Adell Estate insolvent.

91.   31 U.S.C. § 3713(a) provides that a claim of the United States must be paid first when the estate of a deceased debtor, in the custody of the executor, is not enough to pay all debts of the debtor. Under 31 U.S.C. § 3713(b), an executor who pays any part of the debt of an estate before paying a claim of the United States is personally liable for the United States' unpaid claims to the extent of the payment.

92.   Kevin Adell, in his capacity as Personal Representative of the Adell Estate, distributed estate property before paying the

outstanding federal gift tax claim owed to the United States and is thus personally liable to the extent of the distributions for unpaid gift tax owed by the Adell Estate pursuant to 31 U.S.C. § 3713(b).

93.    The United States is entitled to a judgment that Kevin Adell is personally liable to the United States under 31 U.S.C. § 3713(b) for the value of all assets Kevin Adell transferred from the Adell Estate, not more than the unpaid balance of gift taxes owed to the United States, in the amount of $8,178,714.47, as of April 23, 2023, plus all penalties and pre- and post-judgment interest under 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c).

**COUNT SEVEN**
**Enforce Federal Tax Liens Against the Subject Property**

94.    The United States incorporates by reference all preceding paragraphs as if fully realleged herein.

95.    Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose and attached to all property interests of the Adell Estate on the dates the IRS made estate and gift tax assessments against it.

96.    The United States has a right to enforce the federal tax liens against the Subject Property pursuant to 26 U.S.C. § 7403 and to have the Subject Properties sold in a judicial sale (including by a receiver if

21

requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Subject Property; second, to Defendant Oakland County Treasurer, to pay any real estate taxes due that are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the Adell Estate's unpaid estate and gift tax liabilities described above unless the Court determines that another party has a superior right, title, or interest.

**C**OUNT **E**IGHT
**10% Surcharge for Costs of Collection Under the Federal Debt Collection Procedure Act (28 U.S.C. §§ 3001, *et seq*.)**

97.    The United States incorporates by reference all preceding paragraphs as if fully realleged herein.

98.    If the United States needs to avail itself of pre- or post-judgment relief under Subchapter B or C of the FDCPA, 28 U.S.C. §§ 3001, *et seq*., the United States has the right to recover a surcharge of 10% of the amount of the debt at issue under 28 U.S.C. § 3011, to

cover the cost of processing and handling the litigation and enforcement of the claim for the debt under the FDCPA.

### REQUEST FOR RELIEF

WHEREFORE, the United States requests that the Court Order, Adjudge, and Decree that:

A.    Kevin R. Adell, in his capacity as Personal Representative of the Adell Estate, is indebted to the United States for the unpaid balance of the Adell Estate's Form 706 estate taxes in the amount of $9,775,326.65, as of April 23, 2023, plus all penalties and pre- and post-judgment interest under 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c);

B.    Kevin R. Adell is personally liable to the United States under 26 U.S.C. § 6324(a)(2) for the unpaid balance of the Adell Estate's Form 706 estate taxes in the amount of $9,775,326.65, as of April 23, 2023, plus all penalties and pre- and post-judgment interest under 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c);

C.    Kevin R. Adell is personally liable to the United States under 31 U.S.C. § 3713(b) for the unpaid balance of the Adell

Estate's Form 706 estate taxes in the amount of

$9,775,326.65, as of April 23, 2023, plus all penalties and

pre- and post-judgment interest under 26 U.S.C. §§ 6601,

6621, 6622, and 28 U.S.C. § 1961(c);

D.    Kevin R. Adell, in his capacity as Personal Representative of

the Adell Estate, is indebted to the United States for the

unpaid balance of the Adell Estate's Form 709 gift taxes in

the amount of $8,178,714.47, as of April 23, 2023, plus all

penalties and pre- and post-judgment interest 26 U.S.C.

§§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c);

E.    Kevin R. Adell is personally liable to the United States

under 26 U.S.C. § 6324(b) for $6,655,018, the amount of the

gift he received from Franklin Adell, as reported on the Adell

Estate's Form 709;

F.    Kevin R. Adell is personally liable to the United States

under 31 U.S.C. § 3713(b) for the unpaid balance of the Adell

Estate's Form 709 gift taxes in the amount of $8,178,714.47,

as of April 23, 2023, plus all penalties and pre- and

24

post-judgment interest under 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c);

G.   The United States may enforce the federal tax liens securing the Adell Estate's estate and gift tax liabilities, pursuant to 26 U.S.C. § 7403, against the Subject Property by ordering the sale of the Subject Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Subject Property; second, to Defendant Oakland County Treasurer, to pay any real estate taxes due that are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the estate and gift tax liabilities owed by the Adell Estate, unless the Court determines that another party has a superior right, title, or interest.

H.   The United States shall be entitled to a surcharge of an additional 10% on any of the judgment debts if any

prejudgment or post-judgment remedy set forth in the

Federal Debt Collection Procedures Act (28 U.S.C. §§ 3001,

*et seq.*) is used to collect such debts;

I.    The United States shall recover its costs and be awarded

such further relief as the Court determines is just and

proper.

Dated: April 24, 2023        Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

By:   */s/ Daniel M. Caves*
DANIEL M. CAVES
FORREST T. YOUNG
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
Telephone: (202) 514-6058
Facsimile: (202) 514-5238
Email: Daniel.M.Caves@usdoj.gov

*Local Counsel:*
DAWN N. ISON
United States Attorney
Eastern District of Michigan

KEVIN ERSKINE (P69120)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Telephone: (313) 226-9610
Email: Kevin.Erskine@usdoj.gov