## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KEVIN R. ADELL, individually;** | ) | **Civil Action No.** |
| **KEVIN R. ADELL as the Personal** | ) | **2:23-cv-10957-JJCG-EAS** |
| **Representative of the ESTATE OF** | ) | |
| **FRANKLIN Z. ADELL; ADELL** | ) | |
| **BROADCASTING CORP.; RALPH** | ) | |
| **G. LAMETI as Trustee of the** | ) | |
| **ORCHARD LAKE PROPERTY** | ) | |
| **TRUST; and OAKLAND COUNTY** | ) | |
| **TREASURER, STATE OF** | ) | |
| **MICHIGAN,** | ) | |
| | ) | |
| *Defendants.* | ) | |

---

### DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
### AFFIRMATIVE DEFENSES

---

NOW COME Defendants, Kevin R. Adell, individually; Kevin R. Adell as the

Personal Representative of the Estate of Franklin Z. Adell (the "Adell Estate");[1]

---

[1] Kevin R. Adell was sued in his capacity as Personal Representative of the Adell Estate, and Kevin R. Adell answers accordingly. As noted herein, Kevin R. Adell has not been the Personal Representative since August 11, 2010—other than his appointment as Temporary Co-Personal Representative solely for purposes of representing the Adell Estate before the U.S. Tax Court.

Adell Broadcasting Corporation, and Ralph G. Lameti as trustee of the Orchard Lake Property Trust (collectively, the "Defendants"), by and through their undersigned counsel.   The Defendants state as follows for their Answer to Plaintiff's First Amended Complaint:

**JURISDICTION & VENUE**

1.     This allegation calls for a legal conclusion to which no response is required.  To the extent an answer is required, Defendants do not contest this Court's jurisdiction over the instant action.

2.     First sentence. This allegation calls for a legal conclusion to which no response is required.  To the extent an answer is required, denies for lack of sufficient knowledge whether Forms 706 and 709 were filed "in this district." Admits that the original Form 706 reflects a stamp that states the form was received on "Nov. 13, 2007." Admits that Amended Form 706 reflects a stamp that states as follows: "Internal Revenue Service Received Nov 17 2008 Estate & Gift Michigan." Admits that Form 709 reflects a stamp that states "Internal Revenue Service Received Nov 17 2008 Estate & Gift Michigan." Otherwise, denies for lack of sufficient knowledge. Second sentence. This allegation calls for a legal conclusion to which no response is required.  To the extent an answer is required, admits that certain real property at issue is located at 459 Martell Drive, Bloomfield Hills, Michigan 38304, Lot 2. Otherwise, denies for lack of sufficient knowledge.

## THE PARTIES

3.      Admits.

4.      First sentence. Admits. Second sentence. Denies, denies as vague and imprecise, and denies for lack of sufficient knowledge. Third sentence. Admits that plaintiff filed suit against Kevin R. Adell as the Personal Representative of the Adell Estate. Further, admits that Article Four of the Last Will and Testament of Franklin Z. Adell, dated July 17, 2002, appointed Kevin R. Adell as Personal Representative. Admits that, on August 11, 2010, the Probate Court for the County of Oakland, on stipulation of Julie Verona, Laurie Fischgrund, and Kevin R Adell, removed Kevin R. Adell as Personal Representative and replaced Kevin R. Adell with Julie Verona and Laurie Fischgrund as Successor Co-Personal Representatives of the Adell Estate. Defendants incorporate by reference each of the admissions and denials provided in Paragraph 13, below, as if wholly reasserted herein. Otherwise, denies and denies for lack of sufficient knowledge regarding the specific bases underlying plaintiff's suit. Fourth Sentence. Admits that plaintiff filed suit against Kevin R. Adell individually. Otherwise, denies and denies for lack of sufficient knowledge regarding the specific bases underlying plaintiff's suit.

5.      Admits that plaintiff filed suit against Ralph G. Lameti as trustee of the Orchard Lake Property Trust. Admits that Ralph G. Lameti was named as the initial Trustee under The Orchard Lake Property Trust Under Agreement Dated June 6,

2005. Admits that a Settlement Statement indicates that The Orchard Lake Property Trust is listed as the Buyer of 459 Martell Dr., Bloomfield Hills, MI 48304, Lot 2. Admits that a Settlement Statement indicates that the Settlement Date is 08/15/2005. Otherwise, denies for lack of sufficient knowledge.

6.     First sentence. Admits. Second sentence. Admits that Kevin R. Adell is the President of Adell Broadcasting Corporation ("ABC") and currently owns 86 percent of ABC's common stock. Third sentence. Admits that Plaintiff does not seek a monetary judgment against ABC and that ABC is named as a defendant in this suit. Denies the remainder as it calls for a legal conclusion to which no response is required. To the extent an answer is required, denies for lack of sufficient knowledge.

7.     First, second, and third sentences. These allegations call for a legal conclusion to which no response is required. To the extent an answer is required, denies for lack of sufficient knowledge.

### ADELL ESTATE & FAMILY TRUST

8.     Admits.

9.     First sentence. Admits that, on July 17, 2002, Franklin Z. Adell executed The Franklin Z. Adell Trust Under Agreement Dated July 17, 2002 (the "Adell Trust"). Admits that, on February 28, 2003, Franklin Z. Adell executed a First Amendment to Trust Agreement Dated February 28, 2003. Admits that, effective October 31, 2003, Franklin Z. Adell amended and completely restated the Franklin

Z. Adell Trust Under Agreement Dated July 17, 2002, as previously amended by a First Amendment to Trust Agreement Dated February 28, 2003 (collectively, the "Agreement"). Second sentence. Admits that the Last Will and Testament of Franklin Z. Adell executed on July 17, 2002, devised the residue of Franklin Adell's estate to the Adell Trust, to be added to the principal of the trust and held, managed, and distributed in accordance with the terms of the trust agreement.  Third sentence. Admits that the Agreement generally provided that "the Trustee will divide the remaining trust property, including any accrued and undistributed income, into as many equal shares as Settlor has (i) children then living and (ii) decreased children with descendants then living."

10.    Admits that Schedule G to each of the initial Form 706 and the Amended Form 706 stated as follows: "1000 SHARES TRANSFERRED BY THE DECEDENT DURING HIS LIFE TIME INTO THE FRANKLIN Z. ADELL TRUST UAD 07-17-02 DECEDENT OWNED 100% OF THE OUTSTANDING SHARE IN THE C-CORPORATION." Admits that Schedule G to each of the initial Form 706 and the Amended Form 706 stated as follows: "86000 SHRS TRANSFERRED BY THE DECEDENT DURING HIS LIFE TIME INTO THE FRANKLIN Z. ADELL TRUST UAD 07-17-02 DECEDENT OWNED 86% OF THE OUTSTANDING SHARES IN THE C-CORPORATION." Otherwise, denies as unclear and imprecise, and denies for lack of sufficient information.

11.     Admits that Franklin Z. Adell passed away on August 13, 2006. Admits that Line 1 of Amended Form 706 states that the "Total gross estate less exclusion (from Part 5-Recapitulation, page 3, item 12)" is $32,930,891. Otherwise, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

12.     This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, denies as imprecise and unclear, and denies for lack of sufficient knowledge.

13.     First sentence. Denies as unclear and imprecise. Admits that Article Two of the Adell Trust appointed Ralph Lameti as the Trustee upon Franklin Adell's death. Second and third sentences. Denies as unclear and imprecise. Admits that on August 14, 2006, Ralph Lameti resigned as Trustee and appointed Kevin Adell as Successor Trustee of the Adell Trust. Admits that Kevin R. Adell served as Successor Trustee of the Adell Trust from August 14, 2006 until September 1, 2009. Further, admits that Article Four of the Last Will and Testament of Franklin Z. Adell, dated July 17, 2002, appointed Kevin R. Adell as Personal Representative. Admits that, on September 1, 2009, the Probate Court for the County of Oakland removed Kevin R. Adell as Successor Trustee and replaced Kevin R. Adell with a Special Fiduciary that served as Successor Trustee from September 1, 2009 until March 30, 2010. Admits that the Probate Court for the County of Oakland appointed a different Special Fiduciary that served as Successor Trustee from March 30, 2010 until August

11, 2010. Admits that, on August 11, 2010, the Probate Court for the County of Oakland, on stipulation of Julie Verona, Laurie Fischgrund, and Kevin R. Adell, appointed Julie Verona and Laurie Fischgrund as Successor Co-Trustees of the Adell Trust. Admits that, on February 13, 2012, Julie Verona and Laurie Fischgrund resigned as Successor Co-Trustees of the Adell Trust. Admits that on August 11, 2010, the Probate Court for the County of Oakland, on stipulation of Julie Verona, Laurie Fischgrund, and Kevin R Adell, removed Kevin R. Adell as Personal Representative and replaced Kevin R. Adell with Julie Verona and Laurie Fischgrund as Successor Co-Personal Representatives of the Adell Estate. Admits that, on February 14, 2012, Julie Verona and Laurie Fischgrund resigned as Successor Co-Personal Representatives of the Adell Estate. Admits that, on December 10, 2010, Kevin R. Adell filed a Petition for Probate and/or Appointment of Special Personal Representative for "power limited to representing the estate in this tax controversy." Admits that Kevin R. Adell stated in the Petition for Probate and/or Appointment of Special Personal Representative that "[h]e seeks no authority over the estate's assets and would have none," and "[h]e has the greatest knowledge of the financial affairs of the trust assets . . . ." Admits that, on January 13, 2011, the Probate Court for the County of Oakland, Michigan appointed Kevin R. Adell as Temporary Co-Personal Representative of the Adell Estate solely for purposes of representing the Adell Estate before the U.S. Tax Court, and Kevin R. Adell did not have any control over

- 7 -

the assets of the Adell Estate as Temporary Co-Personal Representative. Admits that, on January 13, 2011, the Probate Court for the County of Oakland issued an order that stated as block quoted below, immediately following numbered Paragraph 13. Otherwise, denies as unclear and imprecise. Fourth sentence. Denies as imprecise. Admits that the Adell Estate was probated by the Probate Court for the County of Oakland, Michigan.

> IT IS HEREBY ORDERED that Kevin Adell be and the same is hereby appointed as Temporary Co-Personal Representative of the Estate of Franklin Z. Adell, Deceased, such appointment limited to allow him to pursue matters in the United States Tax Court with respect to the Notice of Deficiency dated November 9, 2010, and not as Co-Personal Representative with general powers;
>
> IT IS FURTHER ORDERED that said Kevin Adell is authorized to take all necessary and proper actions in the tax court proceedings, including the retention of legal counsel, provided that said Kevin Adell shall personally fund all legal and other necessary expenses in connection with his pursuing relief in the Tax Court proceedings, and such payments by him shall not be a claim against the Estate or The Franklin Z. Adell Trust, dated July 17, 2002; and
>
> . . . .
>
> IT IS FURTHER ORDERED that no position taken by aby of the parties in the Tax Court shall be binding on the other Parties in this Court.

### ADELL ESTATE'S FORM 706, ESTATE TAX RETURN

14.     Defendants incorporate by reference each of the admissions and denials provided in Paragraph 13 as if wholly reasserted herein. Admits that the initial IRS Form 706 was executed by Kevin R. Adell on November 8, 2007. Admits that the

executed initial IRS Form 706 was filed on November 13, 2007, and Line 20 of such IRS Form 706 states "Balance due (or overpayment) subtract line 19 from line 18)" is $15,288,517. Otherwise, denies as inaccurate and imprecise.

      15.    Denies for lack of sufficient knowledge.

      16.    Admits that, while Kevin R. Adell was Personal Representative of the Adell Estate, Kevin R. Adell caused the Adell Estate to pay nondeferred estate tax equal to $8,094,557.00 at the time IRS Form 706 was filed on November 13, 2007. Admits further that a check, dated November 13, 2007, was addressed to the United States Treasury for the amount of $8,094,557.00. Admits that a statement was included with the IRS Form 706, filed November 13, 2007, in which the estate elected under section 6166 to defer $7,193,960 of the total estate tax attributable to the closely held businesses' assets for five years and then pay the deferred estate tax in 10 annual installments. Otherwise, denies.

      17.    First and second sentences. Defendants incorporate by reference each of the admissions and denials provided in Paragraph 13 as if wholly reasserted herein. Admits that, while Kevin R. Adell was Personal Representative of the Adell Estate, Kevin R. Adell caused the Adell Estate to pay nondeferred estate tax equal to $8,094,557.00 at the time IRS Form 706 was filed on November 13, 2007. Admits that a check, dated November 13, 2007, was addressed to the United States Treasury for the amount of $8,094,557.00. Admits that a statement was included with the IRS

Form 706, filed November 13, 2007, in which the estate elected under section 6166 to defer $7,193,960 of the total estate tax attributable to the closely held businesses' assets for five years and then pay the deferred estate tax in 10 annual installments. Admits that, while Kevin R. Adell was Successor Trustee, Kevin R. Adell caused the Adell Trust to submit an interest-only payment by check, dated May 12, 2008, to the United States Treasury for the amount of $240,087.77 pursuant to an election under 26 U.S.C. § 6166. Further, admits that, while Kevin R. Adell was Successor Trustee, Kevin R. Adell caused the Adell Trust to submit an interest-only payment by check, dated May 12, 2009, to the United States Treasury for the amount of $170,094.85 pursuant to an election under 26 U.S.C. § 6166. Admits that, on September 1, 2009, Kevin R. Adell was removed as Successor Trustee of the Adell Trust. Admits that, on January 13, 2011, the Probate Court for the County of Oakland, Michigan appointed Kevin R. Adell as Temporary Co-Personal Representative of the Adell Estate solely for purposes of representing the Adell Estate before the U.S. Tax Court, and Kevin R. Adell did not have any control over the assets of the Adell Estate as Temporary Co-Personal Representative. Denies for lack of sufficient knowledge whether subsequent Successor Personal Representatives and Successor Trustees following replacement of Kevin R. Adell submitted any further payments pursuant to the election under 26 U.S.C. § 6166. Further admits that, on September 10, 2010, Julie Verona and Laurie Fischgrund filed a Complaint for Federal Estate Tax

Apportionment Against Kevin Adell and Patricia Rodzik (the "Complaint") that sought, among other things, Kevin R. Adell's "proportionate share of the federal estate taxes due" of $2,044,834 for allegedly receiving certain property. Admits that, in settling the allegations in the Complaint, among other things, Kevin R. Adell on January 17, 2012 agreed to pay Julie Verona and Laurie Fischgrund consideration of $3,250,000 to "fully and finally resolve all litigation between the parties . . . ." Denies for lack of sufficient knowledge whether the then Co-Personal Representatives and Co-Successor Trustees used any of the $3,250,000 to pay any outstanding tax liabilities of the Adell Estate. Otherwise, denies for lack of sufficient knowledge.

18.     First sentence. Denies. Admits that the Internal Revenue Service issued a Notice of Deficiency, dated November 9, 2010, with respect to the IRS Form 706 that was filed for the Adell Estate. Admits that the Notice of Deficiency was addressed to Julie Verona, as co-executor of the Adell Estate, and Laurie Fischgrund, as co-executor of the Adell Estate. Otherwise, denies as inaccurate and imprecise. Second sentence. Admits that according to the Notice of Deficiency, the Internal Revenue Service determined that the fair market value of STN.Com, Inc. was higher than the $9,300,000 reported on the initial Form 706 that was filed on behalf of the Adell Estate. Otherwise, denies as inaccurate and imprecise.

19.     First sentence. Admits that a petition was filed with the U.S. Tax Court on January 14, 2011 at Docket No. 1188-11 for the case captioned as "Adell Estate,

Deceased, Kevin R. Adell, Temporary Co-Personal Representative, Petitioners v. Commissioner of Internal Revenue Service, Respondent." Second sentence. Defendants incorporate by reference each of the admissions and denials provided in Paragraph 13 as if wholly reasserted herein. Admits that Paragraph 1 of the Tax Court petition states as follows: "On January 13, 2011, by order of the Probate Court for the County of Oakland, Michigan, Petitioner was appointed Temporary Co-Personal Representative of the Adell Estate (hereinafter referred to as 'the Estate'), Deceased, for purposes of representing the Estate before the United States Tax Court in this matter." Otherwise, denies as unclear and imprecise.

20.    Denies as an inaccurate and imprecise description of the Tax Court proceedings at Docket No. 1188-11. Admits that the Tax Court issued a memorandum opinion, T.C. Memo 2014-155, and the Tax Court's holdings are contained therein.  Admits that, on April 24, 2018, the Tax Court entered a decision consistent with the party's computations under Rule 155 of the Tax Court Rules of Practice and Procedure.

21.    First sentence. Admits that the decision entered on April 24, 2018 by Tax Court Judge Paris stated that there was "no deficiency in estate tax due from" petitioner (i.e., the Estate of Franklin Z. Adell, Kevin R. Adell, Temporary Co-Personal Representative). Otherwise, denies as unclear and imprecise, and denies for lack of sufficient knowledge. Second sentence. Admits.

22.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13 and 17 as if wholly reasserted herein. Otherwise, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

23.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13 and 17 as if wholly reasserted herein. Otherwise, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

24.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13 and 17 as if wholly reasserted herein. Otherwise, denies and denies for lack of sufficient knowledge.

25.     Denies for lack of sufficient knowledge.

### ADELL ESTATE'S FORM 709, GIFT TAX RETURN

26.     Admits that, while Kevin R. Adell was Personal Representative of the Adell Estate, the Adell Estate filed IRS Form 709 on November 17, 2008. Admits that Line 19 of the IRS Form 709 stated as follows: "If line 18 is less than line 17, enter balance due (see instructions)." Admits that the total for Line 19 on the IRS Form 709 was zero (0). Admits that Line 18 of the IRS Form 709 stated as follows: "Gift and generation-skipping transfer taxes prepaid with extension of time to file." Admits that the total for Line 18 of the IRS Form 709 was "$2,889,108." Admits that, while Kevin R. Adell was Personal Representative, Kevin R. Adell caused the Adell Estate to pay the gift tax related to Form 709 when the Form 706 was filed on

November 13, 2007 as part of the non-deferred portion of the estate tax liability.

Admits that the Waiver of Penalty Statement that was attached to the IRS Form 709

stated as quoted below. Otherwise, denies as imprecise and unclear.

> FRANKLIN Z. ADELL DIED AUGUST 13,2006 IN THE SAME YEAR HE PAID A LEGAL JUDGMENT AGAINST HIS SON KEVIN ADELL IN THE AMOUNT OF 6,666,018. THE ESTATE TAX RETURN (FORM 706) INCLUDED THE LEGAL JUDGMENT IN THE GROSS ESTATE UNDER THE ASSUMPTION THE GIFT COULD BE REPORTED IN THE ESTATE TAX RETURN GIVEN THAT THE DECEDENT'S DEATH AND THE GIFT BOTH HAPPENED IN 2006.
>
> IT WAS LATTER LEARNED UPON LEGAL ADVICE THAT THE GIFT SHOULD HAVE BEEN REPORTED ON A SEPARATE GIFT TAX RETURN AND ADDED BACK TO THE ESTATE TAX RETURN AS PRIOR TAXABLE GIFTS AND NOT PART OF THE GROSS ESTATE.
>
> THE DECEDENT PAID A DEPOSIT OF 8,094,557 ON HIS ESTATE TAX RETURN ON NOVEMBER 13, 2007 UNDER SEC 6166 WHICH COVERED THE GIFT THE GIFT TAX LIABILITY OF 2,889,108.
>
> THE ESTATE TAX RETURN WAS AMENDED TO REFLECT THE REMOVAL OF THE LEGAL JUDGMENT AND THE ADD BACK OF THE TAXABLE GIFT SEE ATTACHED AMENDED 706 RETURN.
>
> THE TRUSTEE OF THE ESTATE, KEVIN ADELL, REQUESTS THAT ANY PENALTY BE WAIVED ,THE RETURN BE ACCEPTED AS FILED AND THE GIFT LIABILITY OF 2,889,108 BE CREDITED FROM THE ESTATE TAX RETURN.

    27.    Admits. Further admits that the Waiver of Penalty Statement that was

attached to the IRS Form 709 stated as follows:

> FRANKLIN Z. ADELL DIED AUGUST 13,2006 IN THE SAME YEAR HE PAID A LEGAL JUDGMENT AGAINST HIS SON KEVIN ADELL IN THE AMOUNT OF 6,666,018. THE ESTATE TAX RETURN (FORM 706) INCLUDED THE LEGAL JUDGMENT IN THE GROSS ESTATE UNDER THE ASSUMPTION THE GIFT COULD BE REPORTED IN THE ESTATE TAX RETURN GIVEN THAT THE DECEDENT'S DEATH AND THE GIFT BOTH HAPPENED IN 2006.
>
> IT WAS LATTER LEARNED UPON LEGAL ADVICE THAT THE GIFT SHOULD HAVE BEEN REPORTED ON A SEPARATE GIFT TAX

RETURN AND ADDED BACK TO THE ESTATE TAX RETURN AS PRIOR TAXABLE GIFTS AND NOT PART OF THE GROSS ESTATE.

THE DECEDENT PAID A DEPOSIT OF 8,094,557 ON HIS ESTATE TAX RETURN ON NOVEMBER 13, 2007 UNDER SEC 6166 WHICH COVERED THE GIFT THE GIFT TAX LIABILITY OF 2,889,108.

THE ESTATE TAX RETURN WAS AMENDED TO REFLECT THE REMOVAL OF THE LEGAL JUDGMENT AND THE ADD BACK OF THE TAXABLE GIFT SEE ATTACHED AMENDED 706 RETURN.

THE TRUSTEE OF THE ESTATE, KEVIN ADELL, REQUESTS THAT ANY PENALTY BE WAIVED ,THE RETURN BE ACCEPTED AS FILED AND THE GIFT LIABILITY OF 2,889,108 BE CREDITED FROM THE ESTATE TAX RETURN.

28.     Admits that the Waiver of Penalty Statement that was attached to the

IRS Form 709 stated as quoted below. Otherwise, denies as imprecise and unclear.

FRANKLIN Z. ADELL DIED AUGUST 13,2006 IN THE SAME YEAR HE PAID A LEGAL JUDGMENT AGAINST HIS SON KEVIN ADELL IN THE AMOUNT OF 6,666,018. THE ESTATE TAX RETURN (FORM 706) INCLUDED THE LEGAL JUDGMENT IN THE GROSS ESTATE UNDER THE ASSUMPTION THE GIFT COULD BE REPORTED IN THE ESTATE TAX RETURN GIVEN THAT THE DECEDENT'S DEATH AND THE GIFT BOTH HAPPENED IN 2006.

IT WAS LATTER LEARNED UPON LEGAL ADVICE THAT THE GIFT SHOULD HAVE BEEN REPORTED ON A SEPARATE GIFT TAX RETURN AND ADDED BACK TO THE ESTATE TAX RETURN AS PRIOR TAXABLE GIFTS AND NOT PART OF THE GROSS ESTATE.

THE DECEDENT PAID A DEPOSIT OF 8,094,557 ON HIS ESTATE TAX RETURN ON NOVEMBER 13, 2007 UNDER SEC 6166 WHICH COVERED THE GIFT THE GIFT TAX LIABILITY OF 2,889,108.

THE ESTATE TAX RETURN WAS AMENDED TO REFLECT THE REMOVAL OF THE LEGAL JUDGMENT AND THE ADD BACK OF THE TAXABLE GIFT SEE ATTACHED AMENDED 706 RETURN.

THE TRUSTEE OF THE ESTATE, KEVIN ADELL, REQUESTS THAT ANY PENALTY BE WAIVED ,THE RETURN BE ACCEPTED AS FILED AND THE GIFT LIABILITY OF 2,889,108 BE CREDITED FROM THE ESTATE TAX RETURN.

29.     Admits that the IRS did not apply the November 13, 2007 $8,094,558 estate tax payment against the $2,889,108 gift tax liability. Otherwise, denies as imprecise.

30.     Denies.  Admits that the Internal Revenue Service issued a Notice of Deficiency, dated November 9, 2010, with respect to the IRS Form 709 that was filed for the Adell Estate. Admits that the Notice of Deficiency was addressed to Julie Verona, as co-executor of the Adell Estate, and Laurie Fischgrund, as co-executor of the Adell Estate.  Admits that the Notice of Deficiency stated that there was an "increase in Tax" equal to "$71,562.94." Otherwise, denies as inaccurate and imprecise.

31.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13, 17, 26, and 35 as if wholly reasserted herein. Otherwise, denies for lack of sufficient knowledge.

32.     Denies for lack of sufficient knowledge.

33.     First sentence. Admits that on October 2, 2012, Kevin Adell, as Temporary Co-Personal Representative of the Adell Estate, filed a petition in Tax Court ("October 2, 2012 Petition"). Admits that according to the Tax Court's Memorandum Opinion, issued on May 15, 2014, regarding Docket No. 24412-12L, the petition was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated September 19, 2012,

upholding collection of the estate's unpaid gift tax liability for tax year 2006. Otherwise, denies as unclear and imprecise. Second sentence. Admits that the October 2, 2012 Petition relates to Docket No. 24412-12L and was captioned as Estate of Franklin Z. Adell, Deceased, Kevin R. Adell, Temporary Co-Personal Representative, Petitioner v. Commissioner of Internal Revenue, Respondent. Admits that the Tax Court's Memorandum Opinion, issued on May 15, 2014, regarding Docket No. 24412-12L, states that the Adell Estate "[contended] that [IRS] should have credited the payment it made with the November 13, 2007, estate tax return against its gift tax liability." Admits that the Waiver of Penalty Statement that was attached to the IRS Form 709 stated as quoted below. Otherwise, denies as imprecise and unclear.

> FRANKLIN Z. ADELL DIED AUGUST 13,2006 IN THE SAME YEAR HE PAID A LEGAL JUDGMENT AGAINST HIS SON KEVIN ADELL IN THE AMOUNT OF 6,666,018. THE ESTATE TAX RETURN (FORM 706) INCLUDED THE LEGAL JUDGMENT IN THE GROSS ESTATE UNDER THE ASSUMPTION THE GIFT COULD BE REPORTED IN THE ESTATE TAX RETURN GIVEN THAT THE DECEDENT'S DEATH AND THE GIFT BOTH HAPPENED IN 2006.
>
> IT WAS LATTER LEARNED UPON LEGAL ADVICE THAT THE GIFT SHOULD HAVE BEEN REPORTED ON A SEPARATE GIFT TAX RETURN AND ADDED BACK TO THE ESTATE TAX RETURN AS PRIOR TAXABLE GIFTS AND NOT PART OF THE GROSS ESTATE.
>
> THE DECEDENT PAID A DEPOSIT OF 8,094,557 ON HIS ESTATE TAX RETURN ON NOVEMBER 13, 2007 UNDER SEC 6166 WHICH COVERED THE GIFT THE GIFT TAX LIABILITY OF 2,889,108.
>
> THE ESTATE TAX RETURN WAS AMENDED TO REFLECT THE REMOVAL OF THE LEGAL JUDGMENT AND THE ADD BACK OF THE TAXABLE GIFT SEE ATTACHED AMENDED 706 RETURN.

- 17 -

THE TRUSTEE OF THE ESTATE, KEVIN ADELL, REQUESTS THAT ANY PENALTY BE WAIVED ,THE RETURN BE ACCEPTED AS FILED AND THE GIFT LIABILITY OF 2,889,108 BE CREDITED FROM THE ESTATE TAX RETURN.

34.     First sentence. Admits that the Adell Estate requested that the November 13, 2007 payment of $8,094,557 for the estate tax liability be applied to the $2,889,108 gift tax liability. Admits that the Tax Court issued a Memorandum Opinion on May 15, 2014 regarding Docket No. 24412-12L and "[sustained] the notice of determination to proceed with the proposed collection action." Admits that the Tax Court stated that "[t]here was no estate tax overpayment available on September 19, 2012, to credit against the gift tax liability." Otherwise, denies as unclear and imprecise. Second sentence. Denies that the citation relates to the Tax Court's Memorandum Opinion issued on May 15, 2014 regarding Docket No. 24412-12L. Admits that the citation relates to the Tax Court's Memorandum Findings of Fact and Opinion, issued on August 4, 2014 regarding Docket No. 1188-11. Third sentence. Admits that the Adell Estate did not appeal the Tax Court's decision outlined in the Memorandum Findings of Fact and Opinion, issued on August 4, 2014, regarding Docket No. 1188-11. Admits that the Adell Estate did not appeal the Tax Court's decision outlined in the Memorandum Opinion, issued on May 15, 2014, regarding Docket No. 24412-12L. Otherwise, denies as unclear and imprecise.

35.     Denies. Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13 and 17 as if wholly reasserted herein. Admits that, while Kevin R. Adell was Personal Representative of the Adell Estate, Kevin R. Adell caused the Adell Estate to pay nondeferred estate tax equal to $8,094,557.00 at the time IRS Form 706 was filed on November 13, 2007. Admits further that a check, dated November 13, 2007, was addressed to the United States Treasury for the amount of $8,094,557.00. Admits that, while Kevin R. Adell was Personal Representative, Kevin R. Adell caused the Adell Estate to pay the gift tax related to Form 709 when the Form 706 was filed on November 13, 2007 as part of the non-deferred portion of the estate tax liability. Admits that a Waiver of Penalty Statement was attached to the IRS Form 709 that stated, in relevant part, as follows: "THE DECEDENT PAID A DEPOSIT OF 8,094,557 ON HIS ESTATE TAX RETURN ON NOVEMBER 13, 2007 UNDER SEC 6166 WHICH COVERED THE GIFT THE GIFT TAX LIABILITY OF 2,889,108. THE ESTATE TAX RETURN WAS AMENDED TO REFLECT THE REMOVAL OF THE LEGAL JUDGMENT AND THE ADD BACK OF THE TAXABLE GIFT SEE ATTACHED AMENDED 706 RETURN." Denies that the cases citation referenced in the prior paragraph relates to the Tax Court's Memorandum Opinion issued on May 15, 2014 regarding Docket No. 24412-12L. Otherwise, denies as unclear and inaccurate, and denies for lack of sufficient knowledge.

36.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13, 17, 26, and 35 as if wholly reasserted herein. Otherwise, denies as inaccurate, and denies for lack of sufficient knowledge.

37.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 26 and 35 as if wholly reasserted herein. Otherwise, denies.

38.     Denies for lack of sufficient knowledge.

## INSIDER SALE OF ABC STOCK

39.     Admits that Schedule G to each of the initial Form 706 and the Amended Form 706 stated as follows: "ADELL BROADCASTING CORPORATION 86000 SHRS TRANSFERRED BY THE DECEDENT DURING HIS LIFE TIME INTO THE FRANKLIN Z. ADELL TRUST UAD 07-17-02 DECEDENT OWNED 86% OF THE OUTSTANDING SHARES IN THE C-CORPORATION." Otherwise, denies as unclear and imprecise, and denies for lack of sufficient information.

40.     Admits.

41.     Admits.

42.     First sentence. Admits that the Articles of Incorporation of World Religious Relief (the "Articles") were filed on October 27, 1999. Admits that Article VI of the Articles identifies the following incorporators: Franklin Adell; Kevin Adell; Sharad Patel; and Neil Desai. Admits that Article II of the Articles stated as

block quoted below, immediately below numbered Paragraph 42. Otherwise, denies as unclear and imprecise, and denies for lack of sufficient knowledge. Second sentence. Admits that the Michigan Department of Labor & Economic Growth Nonprofit Corporation Information Update for 2007, filed after Franklin Adell's death on August 13, 2006, indicates that Kevin Adell was the president of World Religious Relief. Admits that Kevin Adell was the CEO of World Religious Relief after Franklin Adell's death. Otherwise, denies as unclear and imprecise.

> The Corporation is organized exclusively for charitable, educational and scientific purposes as described in Section 501(c)(3) of the Internal Revenue Code (the "Code"), including providing services to religious organizations of all denominations and conducting activities incidental or necessary to accomplishing the foregoing purpose or otherwise permitted by Section 501(c)(3) of the Code.

43.   Admits that the Michigan Department of Labor & Economic Growth Profit Corporation Information Update for 2007, filed after Franklin Adell's death on August 13, 2006, indicates that Kevin Adell was the President of ABC. Admits that Kevin Adell was a Member of the Board of Directors of ABC after Franklin Adell's death. Otherwise, denies as unclear and imprecise.

44.   Admits.

45.   First and second sentences. Admits that, according to the Stock Purchase Agreement dated July 10, 2010 and enclosed as Exhibit 1 with Plaintiff's First Amended Complaint ("Stock Purchase Agreement"), 86,000 shares of the

common stock of ABC were pledged as security for a loan from Comerica Bank to ABC. Otherwise, denies as unclear and imprecise.  Third and fourth sentences. Admits that, according to the Stock Purchase Agreement, World Religious Relief was the Seller and successor-in-interest to Comerica Bank. Admits that Section E of the Stock Purchase Agreement stated as block quoted below, immediately below numbered Paragraph 45. Otherwise, denies as unclear and imprecise.

> Events of Default have occurred under the Load documents, Seller accelerated the outstanding balance of the Loan and notified the Trust that Seller would be selling the Shares in a private sale pursuant to the Uniform Commercial Code and the terms of the Pledge Agreement.

46.    Admits that the Stock Purchase Agreement is dated July 10, 2010 and signed by Kevin Adell. Admits that on July 10, 2010, Kevin Adell signed the Stock Purchase Agreement as the CEO of World Religious Relief. Admits that on July 10, 2010, Kevin Adell was the President of ABC. Otherwise, denies as unclear and imprecise, and denies for lack of sufficient information.

47.    Denies as unclear and imprecise. Admits that $1,170,000 is the purchase price recited to the Stock Purchase Agreement dated July 10, 2010. Admits that the initial Form 706 and the Amended Form 706 indicate that the value of the ABC stock was $6,000,000 at the time of Franklin Adell's death on August 13, 2006.

48.    Admits that Kevin Adell acquired 86,000 shares of the common stock of ABC on July 10, 2010, comprising 86 percent of the outstanding shares. Admits

that Kevin Adell currently owns 86,000 shares of common stock of ABC. Otherwise, denies as unclear and imprecise.

## THE SUBJECT PROPERTY

49.    Admits that certain real property at issue is located at 459 Martell Drive, Bloomfield Hills, Michigan 48304-3453, Lot 2 and the Parcel ID is 19-22-401-023. Otherwise, denies for lack of sufficient knowledge.

50.    Admits.

51.    Admits.

52.    Admits that the Schedule G attached to the initial Form 706 and the Amended Form 706 filed on behalf of the Adell Estate include the Subject Real Property. Denies the remainder as it calls for a legal conclusion to which no response is required. To the extent an answer is required, denies as imprecise and unclear, and denies for lack of sufficient knowledge.

53.    Admits.

54.    Admits.

55.    Admits that the property located at 459 Martell Drive, Bloomfield Hills, Michigan 38304, Lot 2 is not subject to any mortgages. Denies for lack of sufficient knowledge regarding the information and/or documents that form the basis for plaintiff's belief of this allegation.

**C**OUNT **O**NE

56.     Defendants incorporate by reference all previous responses to the preceding paragraphs as if reasserted herein.

57.     Admits that the initial IRS Form 706 was executed by Kevin R. Adell on November 8, 2007. Admits that IRS Form 706 was filed on November 13, 2007. Defendants incorporate by reference each of the admissions and denials provided in Paragraph 13 as if wholly reasserted herein. Otherwise, denies.

58.     Denies for lack of sufficient knowledge.

59.     Admits that a petition was filed with the U.S. Tax Court on January 14, 2011 at Docket No. 1188-11 for the case captioned as "Adell Estate, Deceased, Kevin R. Adell, Temporary Co-Personal Representative, Petitioners v. Commissioner of Internal Revenue Service, Respondent." Defendants incorporate by reference each of the admissions and denials provided in Paragraph 13 and 20 as if wholly reasserted herein. Otherwise, denies as unclear and imprecise.

60.     Denies as an inaccurate and imprecise description of the Tax Court proceedings at Docket No. 1188-11. Alleges that the Tax Court issued a Memorandum Opinion, T.C. Memo 2014-155, and the Tax Court's opinions are contained therein.  Alleges further that, on April 24, 2018, the Tax Court entered a decision consistent with the party's computations under Rule 155 of the Tax Court Rules of Practice and Procedure.  Admits that the decision entered on April 24, 2018

by Tax Court Judge Paris states as follows: "ORDERED AND DECIDED: That there is no deficiency in estate tax due from, nor overpayment due to, petitioner."

61.    Denies for lack of sufficient knowledge.

62.    Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13 and 17 as if wholly reasserted herein. Otherwise, denies as imprecise and unclear, and denies for lack of sufficient knowledge.

63.    This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, denies as imprecise and unclear, and denies for lack of sufficient knowledge.

64.    These allegations call for a legal conclusion to which no response is required. To the extent an answer is required, denies and denies for lack of sufficient knowledge.

65.    First full sentence. These allegations call for a legal conclusion to which no response is required. To the extent an answer is required, admits. Second full sentence. These allegations call for a legal conclusion to which no response is required. To the extent an answer is required, denies for lack of sufficient knowledge. Third full sentence. These allegations call for a legal conclusion to which no response is required. To the extent an answer is required, denies for lack of sufficient knowledge. Otherwise, denies all other allegations not expressly admitted or qualified.

## COUNT TWO

66.     Defendants incorporate by reference all previous responses to the preceding paragraphs as if reasserted herein.

67.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13 and 17 as if wholly reasserted herein. Otherwise, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

68.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13 and 17 as if wholly reasserted herein. Otherwise, denies as inaccurate, and denies for lack of sufficient knowledge.

69.     Denies as imprecise and unclear, and denies for lack of sufficient knowledge.

70.     Denies.

71.     Denies as unclear and imprecise, and denies for lack of sufficient knowledge.

72.     This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, admits only that 26 U.S.C. § 6324(a)(2) reflects the quoted language. Otherwise, denies for lack of sufficient knowledge.

73.     This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, denies.

74.     This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, denies.

### COUNT THREE

75.     Defendants incorporate by reference all previous responses to the preceding paragraphs as if reasserted herein.

76.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13 and 17 as if wholly reasserted herein. Denies as inaccurate and imprecise, and denies for lack of sufficient knowledge.

77.     Defendants incorporate by reference each of the admissions and denials provided in Paragraph 13 and 17 as if wholly reasserted herein. Otherwise, denies as unclear and imprecise.

78.     Denies.

79.     Denies.

80.     These allegations call for a legal conclusion to which no response is required.  To the extent an answer is required, admits that the text of 31 U.S.C. § 3713(a)-(b) the statute speaks for itself. Otherwise, denies.

81.     This allegation calls for a legal conclusion to which no response is required.  To the extent an answer is required, Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13 and 17 as if wholly reasserted herein. Otherwise, denies and denies for lack of sufficient knowledge.

82.     This allegation calls for a legal conclusion to which no response is required.  To the extent an answer is required, denies and denies for lack of sufficient knowledge.

## COUNT FOUR

83.     Defendants incorporate by reference all previous responses to the preceding paragraphs as if reasserted herein.

84.     Admits that, while Kevin R. Adell was Personal Representative of the Adell Estate, the Adell Estate filed IRS Form 709 on November 17, 2008. Admits that Line 19 of the IRS Form 709 stated as follows: "If line 18 is less than line 17, enter balance due (see instructions)." Admits that the total for Line 19 on the IRS Form 709 was zero (0). Admits that Line 18 of the IRS Form 709 stated as follows: "Gift and generation-skipping transfer taxes prepaid with extension of time to file." Admits that the total for Line 18 of the IRS Form 709 was "$2,889,108." Admits that the Waiver of Penalty Statement that was attached to the IRS Form 709 stated as block quoted below, immediately below numbered Paragraph 84. Otherwise, denies as imprecise and unclear.

> FRANKLIN Z. ADELL DIED AUGUST 13,2006 IN THE SAME YEAR HE PAID A LEGAL JUDGMENT AGAINST HIS SON KEVIN ADELL IN THE AMOUNT OF 6,666,018. THE ESTATE TAX RETURN (FORM 706) INCLUDED THE LEGAL JUDGMENT IN THE GROSS ESTATE UNDER THE ASSUMPTION THE GIFT COULD BE REPORTED IN THE ESTATE TAX RETURN GIVEN THAT THE DECEDENT'S DEATH AND THE GIFT BOTH HAPPENED IN 2006.

> IT WAS LATTER LEARNED UPON LEGAL ADVICE THAT THE GIFT SHOULD HAVE BEEN REPORTED ON A SEPARATE GIFT TAX RETURN AND ADDED BACK TO THE ESTATE TAX RETURN AS PRIOR TAXABLE GIFTS AND NOT PART OF THE GROSS ESTATE.
>
> THE DECEDENT PAID A DEPOSIT OF 8,094,557 ON HIS ESTATE TAX RETURN ON NOVEMBER 13, 2007 UNDER SEC 6166 WHICH COVERED THE GIFT THE GIFT TAX LIABILITY OF 2,889,108.
>
> THE ESTATE TAX RETURN WAS AMENDED TO REFLECT THE REMOVAL OF THE LEGAL JUDGMENT AND THE ADD BACK OF THE TAXABLE GIFT SEE ATTACHED AMENDED 706 RETURN.
>
> THE TRUSTEE OF THE ESTATE, KEVIN ADELL, REQUESTS THAT ANY PENALTY BE WAIVED ,THE RETURN BE ACCEPTED AS FILED AND THE GIFT LIABILITY OF 2,889,108 BE CREDITED FROM THE ESTATE TAX RETURN.

85.    Denies for lack of sufficient knowledge.

86.    Admits.

87.    Admits that the Internal Revenue Service issued a Notice of Deficiency, dated November 9, 2010, with respect to the IRS Form 709 that was filed for the Adell Estate. Admits that the Notice of Deficiency was addressed to Julie Verona, as co-executor of the Adell Estate, and Laurie Fischgrund, as co-executor of the Adell Estate.  Admits that the Notice of Deficiency stated that there was an "increase in Tax" equal to "$71,562.94." Otherwise, denies as inaccurate and imprecise.

88.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13, 17, 26, and 35 as if wholly reasserted herein. Otherwise, denies for lack of sufficient knowledge.

89.    Denies for lack of sufficient knowledge.

90.     Denies as imprecise and unclear, and denies for lack of sufficient knowledge.

91.     This allegation calls for a legal conclusion to which no response is required.  To the extent an answer is required, denies and denies for lack of sufficient knowledge.

92.     First full sentence. This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, admits. Second full sentence. This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, denies for lack of sufficient knowledge. Otherwise, denies all other allegations not expressly admitted or qualified.

## COUNT FIVE

93.     Defendants incorporate by reference all previous responses to the preceding paragraphs as if reasserted herein.

94.     Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13, 17, 26, and 35 as if wholly reasserted herein. Otherwise, denies as inaccurate and imprecise, and denies for lack of sufficient knowledge.

95.     Admits. Further admits that the Waiver of Penalty Statement that was attached to the IRS Form 709 stated as follows:

> FRANKLIN Z. ADELL DIED AUGUST 13,2006 IN THE SAME YEAR
> HE PAID A LEGAL JUDGMENT AGAINST HIS SON KEVIN ADELL
> IN THE AMOUNT OF 6,666,018. THE ESTATE TAX RETURN (FORM
> 706) INCLUDED THE LEGAL JUDGMENT IN THE GROSS ESTATE

UNDER THE ASSUMPTION THE GIFT COULD BE REPORTED IN THE ESTATE TAX RETURN GIVEN THAT THE DECEDENT'S DEATH AND THE GIFT BOTH HAPPENED IN 2006.

IT WAS LATTER LEARNED UPON LEGAL ADVICE THAT THE GIFT SHOULD HAVE BEEN REPORTED ON A SEPARATE GIFT TAX RETURN AND ADDED BACK TO THE ESTATE TAX RETURN AS PRIOR TAXABLE GIFTS AND NOT PART OF THE GROSS ESTATE.

THE DECEDENT PAID A DEPOSIT OF 8,094,557 ON HIS ESTATE TAX RETURN ON NOVEMBER 13, 2007 UNDER SEC 6166 WHICH COVERED THE GIFT THE GIFT TAX LIABILITY OF 2,889,108.

THE ESTATE TAX RETURN WAS AMENDED TO REFLECT THE REMOVAL OF THE LEGAL JUDGMENT AND THE ADD BACK OF THE TAXABLE GIFT SEE ATTACHED AMENDED 706 RETURN.

THE TRUSTEE OF THE ESTATE, KEVIN ADELL, REQUESTS THAT ANY PENALTY BE WAIVED ,THE RETURN BE ACCEPTED AS FILED AND THE GIFT LIABILITY OF 2,889,108 BE CREDITED FROM THE ESTATE TAX RETURN.

96.    This allegation calls for a legal conclusion to which no response is required.  To the extent an answer is required, denies for lack of sufficient knowledge.

97.    Denies as vague and imprecise, and denies for lack of sufficient knowledge.

98.    Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13, 17, 26, and 35 as if wholly reasserted herein. Otherwise, denies.

99.    These allegations call for a legal conclusion to which no response is required.  To the extent an answer is required, denies.

- 31 -

## COUNT SIX

100. Defendants incorporate by reference all previous responses to the preceding paragraphs as if reasserted herein.

101. Defendants incorporate by reference each of the admissions and denials provided in Paragraphs 13, 17, 26, and 35 as if wholly reasserted herein. Otherwise, denies as inaccurate and imprecise, and denies for lack of sufficient knowledge.

102. Denies as vague and imprecise, and denies for lack of sufficient knowledge.

103. Denies and denies for lack of sufficient knowledge.

104. Denies as unclear and imprecise, and denies for lack of sufficient knowledge.

105. First and second sentences. These allegations call for a legal conclusion to which no response is required. To the extent an answer is required, admits that the text of 31 U.S.C. § 3713(a)-(b) speaks for itself. Otherwise, denies for lack of sufficient knowledge.

106. This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

107.   This allegation calls for a legal conclusion to which no response is required.  To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

### COUNT SEVEN

108.   Defendants incorporate by reference all previous responses to the preceding paragraphs as if reasserted herein.

109.   This allegation calls for a legal conclusion to which no response is required.  To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

110.   These allegations call for a legal conclusion to which no response is required.  To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

111.   Admits that Kevin Adell purchased 86,000 shares of common stock of ABC on July 10, 2010. Denies the remainder as it calls for a legal conclusion to which no response is required. To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

112.   Admits that on July 10, 2010, Kevin Adell purchased 86,000 shares of common stock of ABC from World Religious Relief pursuant to the Stock Purchase Agreement. Denies the remainder as it calls for a legal conclusion to which no

response is required. To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

113. These allegations call for a legal conclusion to which no response is required. To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

## COUNT EIGHT

114. Defendants incorporate by reference all previous responses to the preceding paragraphs as if reasserted herein.

115. This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

116. This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

## COUNT NINE

117. Defendants incorporate by reference all previous responses to the preceding paragraphs as if reasserted herein.

118. This allegation calls for a legal conclusion to which no response is required. To the extent an answer is required, denies as unclear and imprecise, and denies for lack of sufficient knowledge.

Defendants deny generally each and every allegation of the Complaint not expressly admitted, qualified, or denied herein.

### REQUEST FOR RELIEF

WHEREFORE, Defendants request this Court enter a judgment in favor of Defendants and dismiss this case.

Dated:  October 20, 2023                   Respectfully submitted,

                                           *s/ M. Todd Welty*
                                           M. TODD WELTY
                                           Texas Bar No. 00788642
                                           District of Columbia Bar No. 176744
                                           Georgia Bar No. 745521
                                           MACDONALD A. NORMAN
                                           Texas Bar No. 24088983
                                           District of Columbia Bar No. 1510617
                                           DANIEL B. WHARTON
                                           Illinois Bar No. 6310469
                                           TODD WELTY, P.C.
                                           4279 Roswell Rd NE
                                           Suite 208, #352
                                           Atlanta, Georgia 30342
                                           Telephone: (404) 301-4791
                                           Fax: (678) 840-3481
                                           todd@toddweltypc.com

                                           COUNSEL FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KEVIN R. ADELL, individually;** | ) | **Civil Action No.** |
| **KEVIN R. ADELL as the Personal** | ) | **2:23-cv-10957-JJCG-EAS** |
| **Representative of the ESTATE OF** | ) | |
| **FRANKLIN Z. ADELL; ADELL** | ) | |
| **BROADCASTING CORP.; RALPH** | ) | |
| **G. LAMETI as Trustee of the** | ) | |
| **ORCHARD LAKE PROPERTY** | ) | |
| **TRUST; and OAKLAND COUNTY** | ) | |
| **TREASURER, STATE OF** | ) | |
| **MICHIGAN,** | ) | |
| | ) | |
| *Defendants.* | ) | |

---

## NOTICE OF AFFIRMATIVE DEFENSES

---

NOW COME Defendants, by and through their attorneys, for their affirmative defenses pled under the first responsive pleading state as follows:

1.      The statute of limitations is, or may be, a bar to Plaintiff's claims.

2.      Certain claims by Plaintiff is, or may be, barred because of payment.

3.      Certain claims by Plaintiff is, or may be, barred based upon collateral estoppel and/or res judicata.

- 36 -

4.    Defendants reserve the right to assert additional defenses as they become known through further investigation and discovery in this case.

Dated:  October 20, 2023                    Respectfully submitted,


                                            *s/ M. Todd Welty*
                                            M. TODD WELTY
                                            Texas Bar No. 00788642
                                            District of Columbia Bar No. 176744
                                            Georgia Bar No. 745521
                                            MACDONALD A. NORMAN
                                            Texas Bar No. 24088983
                                            District of Columbia Bar No. 1510617
                                            DANIEL B. WHARTON
                                            Illinois Bar No. 6310469
                                            TODD WELTY, P.C.
                                            4279 Roswell Rd NE
                                            Suite 208, #352
                                            Atlanta, Georgia 30342
                                            Telephone: (404) 301-4791
                                            Fax: (678) 840-3481
                                            todd@toddweltypc.com

                                            COUNSEL FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the attached filing has been made through the Court's CM/ECF system on October 20, 2023 to all parties who have entered an appearance in this action and are participating in the Court's CM/ECF electronic filing system.

_s/ M. Todd Welty_
M. TODD WELTY
Todd Welty, P.C.
